E. Peterson, Trading as Crescent Mosaic & Tile Co., Defendant in Error, v. Frank P. Bauer and Martin Purcell, Trading as Bauer-Purcell Marble Mill, Plaintiffs in Error.

### Gen. No. 16,741.

CONTRACTS—*breach.* Where defendant contracts to furnish and put in certain steps for plaintiff, who changes the plans whereby an additional step is required and dimensions of others are changed, refusal by defendant to perform without additional compensation is

not a breach, but where plaintiff hires another, there is a breach for which defendant may recover if damaged.

Error to the Municipal Court of Chicago; the HON. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with finding of fact. Opinion filed October 16, 1912.

JOHN B. HEINEMANN, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Plaintiffs in error entered into a written contract with defendant in error to furnish and place in a certain building then being constructed by defendant in error certain marble work for an agreed price of $370. When plaintiffs in error went to the building to place the marble work therein, they found the plans had been changed so as to incease the number of steps that were to be put in as part of the work contracted for, from six, the number included in the original specifications, to seven, according to the new plans, which change required furnishing the marble for one step not contracted for, and the work in putting it in. It also required alterations in the shape and dimension of certain other pieces of marble which were to go into the work. Plaintiffs in error, upon discovering the changes in the plans and figuring up the cost of the work made necessary by the alterations, told defendant in error they would do the work according to the altered plans for $20 additional compensation. This proposition was not accepted and plaintiffs in error did not do the work. Defendant in error procured the work to be done and the materials to be furnished by one Davia, at a cost of $550, and brought this suit to recover the additional cost of the work and material as damages for breach of the contract, and obtained a judgment in the Municipal Court for $160, to reverse

which this writ of error is prosecuted. Defendant in error has not appeared in this court or filed any brief and argument.

The bare recital of the facts is enough to show that the judgment must be reversed. No breach of the contract on the part of plaintiffs in error is shown. On the contrary, the evidence presented by this record clearly shows a breach of the contract on the part of defendant in error that might well have been made the basis of a judgment for plaintiffs in error, if they could show they were damaged thereby. The judgment of the court below is reversed without remanding, with a finding of fact to be incorporated in the judgment.

*Judgment reversed with finding of fact.*

FINDING OF FACT: We find as an ultimate fact that plaintiffs in error are not indebted to defendant in error.